PHIL GROSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grostein v. Commissioner
Docket No. 30249-91
United States Tax Court
T.C. Memo 1993-275; 1993 Tax Ct. Memo LEXIS 278; 65 T.C.M. (CCH) 2997; June 24, 1993, Filed *278 Phil Grostein, pro se. For respondent: Daniel J. Parent. PARR
PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax Year
Deficiency
Sec. 6653(b)(1)(A)[1]
Sec. 6653(b)(1)
Sec. 6661
1986
$ 7,522
$ 5,642
-  $ 1,881
1987
23,283
17,462
-  5,821
1988
18,752
-  $ 14,064
4,688
This matter is before the Court on respondent's motion to dismiss for lack of prosecution under Rule 149(a). [1] Respondent requests that the Court find petitioner liable for the deficiencies and additions to tax, including those for fraud, as determined by respondent. *279 After receiving the notice of deficiency for the years 1986, 1987, and 1988, petitioner timely filed a petition. The petition alleged that petitioner had six bank accounts and shifted money between them as needed. Petitioner contends that respondent erroneously calculated tax on the total amount deposited, since it was the same money transferred from bank to bank. Respondent timely answered, denying petitioner's assignment of errors and affirmatively alleging that "the petitioner failed to maintain, or to submit for examination by the respondent, complete and adequate books and accounts of income producing activities", and that petitioner fraudulently with intent to evade taxes, omitted income from his tax returns. Thereafter, trial was set for April 19, 1993, in San Francisco, California. By letter dated March 30, 1993, respondent notified petitioner of respondent's intention to move to dismiss for failure to prosecute at calendar call since petitioner had failed to attend any scheduled conferences. When the case was called for trial at the trial session, counsel for respondent appeared and announced that the Government was ready for trial. No appearance was made by or on *280 behalf of petitioner. This Court in its notice setting the case for trial warned: "Your failure to appear may result in dismissal of the case and entry of decision against you." Also, Rule 149(a) states, in pertinent part: "The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties." For the reasons set forth below, we grant respondent's motion to dismiss for lack of prosecution and sustain her determinations as to the deficiencies and the addition to tax under section 6661. In addition, we treat the motion as one for summary judgment respecting the fraud additions to tax and sustain those additions as well. Petitioner bears the burden of proving that respondent's determinations as to the underlying deficiency and the addition to tax under section 6661(a) are erroneous. Rule 142(a); . Because petitioner failed to appear for trial or offer any evidence, he has failed to properly prosecute his case and to meet his burden of proof. Accordingly, the deficiencies and addition to tax under section 6661 as *281 determined by respondent are sustained. We next must consider whether we should grant respondent's motion as to the additions to tax for fraud under section 6653(b). Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. ; . Respondent bears the burden of proving by clear and convincing evidence that some portion of the understatement of income for each year was due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b). Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. ; . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. (1991, affd. ; . *282 In , we held that facts deemed admitted under Rule 90(c) are sufficient to satisfy respondent's burden of affirmatively proving fraud. We stated that "Nothing * * * dictates that we should require respondent to present affirmative evidence of fraud, independent of the deemed admissions." (fn ref. omitted). We cautioned, however, that it remains respondent's burden to prove facts necessary to show an underpayment (to which the addition to tax for fraud attaches). Respondent may not merely rely upon petitioner's failure to produce evidence in order to carry her burden in that respect, but may rely upon deemed admissions. Id.
Petitioner did not respond to respondent's request for admissions served on February 3, 1993, which were deemed admitted 30 days thereafter pursuant to Rule 90(c). The authenticity of copies of certain documents is admitted, as well as the following facts, which we find as true. During each of the years in issue, petitioner was self-employed in the restaurant designing business. He filed Schedules C with his 1986, 1987, and 1988 individual *283 income tax returns, reporting gross receipts and expenses generated from his business in each year in issue. However, in addition to the amounts shown on his returns, during the taxable years 1986, 1987, and 1988, petitioner received unreported income from his business activities in the amounts of $ 51,186, $ 66,409, and $ 66,442, respectively. Respondent determined petitioner's correct adjusted gross income for the taxable years 1986, 1987, and 1988 on the basis of the bank deposits method. During taxable years 1986, 1987, and 1988, petitioner did not conduct any other interbank transfers of funds. During 1986, 1987, and 1988, petitioner did not receive any nontaxable or excludable income, receipts, cash, or other assets. Neither did he receive any gifts, inheritances, legacies, or other devises. During the years in issue, petitioner leased two automobiles and purchased a boat. In 1988, petitioner purchased a residence at 5560 Ponderosa Way, Foresthill, California, for $ 117,000. Petitioner failed to maintain complete and adequate books and accounts of his income-producing activities for each of the taxable years 1986, 1987, and 1988, or to submit same for examination by *284 respondent. Petitioner did not provide bank statements, deposit slips, business ledgers, or any other records to his return preparer, Steve Burriss, but instead supplied Mr. Burriss with summary figures of income and expenses for each of the years in issue. Petitioner is deemed to have admitted fraudulent intent to evade tax in undenied requested admissions paragraphs 31-34. Petitioner is also deemed to have admitted facts which, taken together, establish a pattern of substantial, intentional understatements of taxable income of $ 51,186 in 1986, $ 66,409 in 1987, and $ 66,442 in 1988. Although fraud cannot be inferred from the mere understatement of income, consistent and substantial underreporting is evidence of fraud. , affg. . In this case, there was a pattern of consistent understatement of substantial amounts of petitioner's income for the 3 years at issue. This pattern is strong evidence of fraud. , affg. . *285 The underreporting, coupled with the showing that petitioner kept incomplete and inacccurate records and did not supply his accountant with all of the data necessary for maintaining complete books and records, is enough to warrant this Court's finding of fraud. , affg. . Moreover, he failed to cooperate with the tax authorities, another classic "badge" of fraud. See , affg. . In light of the above, coupled with petitioner's failure to appear for trial, we find that some portion of the understatement of income for each year was due to fraud with intent to evade taxes. Because petitioner has failed to establish that any portion of the underpayment for any year is not attributable to fraud, the whole of each underpayment shall be treated as due to fraud. See sec. 6653(b)(2). Accordingly, we grant respondent's motion and sustain the deficiencies and additions to tax, including fraud, as set forth in respondent's *286 notice of deficiency. An appropriate order and decision will be entered. Footnotes
1. Plus 50 percent of the interest due on the deficiency under sec. 6653(b)(1)(B).↩
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.↩